IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-694-D

GEORGE SLOCUM, )
)
Plaintiff, )
)
v. ) **ORDER**
)
VALUE MAX FINANCE COMPANY )
S-CORP., )
)
Defendant. )

On December 4, 2023, George Slocum ("Slocum" or "plaintiff") filed a pro se complaint alleging a breach of contract claim against Value Max Finance Company S-Corp ("Value Max Finance" or "defendant") [D.E. 1, 1-1, 1-2]. On December 11, 2023, Value Max Finance moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted [D.E. 6] and filed a memorandum in support [D.E. 7]. See Fed. R. Civ. P. 12(b)(1), (b)(6). On December 21, 2023, Slocum responded in opposition [D.E. 11]. On January 3, 2024, Value Max Finance replied [D.E. 12]. As explained below, the court grants Value Max Finance's motion to dismiss for lack of subject-matter jurisdiction.

I.

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter

jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Where a defendant challenges subject-matter jurisdiction based on the facts alleged in the complaint, the court effectively affords a plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration. . . . [T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (quotation omitted). The court liberally construes pro se pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

In order for the court to have diversity jurisdiction under 28 U.S.C. § 1332, the matter in controversy must exceed the sum or value of $75,000 and the action must be between "citizens of different States." 28 U.S.C. § 1332(a)(1). Here, the court lacks subject-matter jurisdiction under 28 U.S.C. § 1332 because this action is not between "citizens of different states." Slocum alleges that both he and Value Max Finance are residents and citizens of North Carolina. See [D.E. 1, 1-2]. Thus, the court lacks subject-matter jurisdiction under section 1332.

As for federal-question jurisdiction under 28 U.S.C. § 1331, a federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim generally arises under federal law when federal law creates the cause of action. See, e.g., Gunn v. Minton, 568 U.S. 251, 257 (2013); Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005); Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 8–9 (1983). Additionally, there is a "special and small category of cases in which arising under jurisdiction still lies" when state law creates the cause of action.

2

Gunn, 568 U.S. at 258 (quotation omitted). Within this category, arising-under jurisdiction "will lie over state-law claims that implicate significant federal issues." Grable, 545 U.S. at 312; see Franchise Tax Bd., 463 U.S. at 9. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 568 U.S. at 258; see Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699–701 (2006); Flying Pigs, LLC v. RRAJ Franchising, LLC, 757 F.3d 177, 181–82 (4th Cir. 2014).

Slocum vaguely references several federal statutes in his complaint, including the Federal Reserve Act, the Bill of Exchange Act, the Truth in Lending Act, 12 U.S.C. § 1431, and 15 U.S.C. § 1615. See [D.E. 1] 2–3; [D.E. 1-2] 1. Merely citing federal law does not confer federal question jurisdiction. "[F]ederal question jurisdiction exists only when a federal question appears on the face of a plaintiff's properly pleaded complaint." Byrd v. Hunt, 136 F. Supp. 2d 511, 514 (M.D.N.C. 2001); see Mayor & City Council of Balt. v. BP P.L.C., 31 F.4th 178, 198–99 (4th Cir. 2022). Slocum fails to plausibly allege how any of these statutes create his cause of action. Rather, Slocum frames his cause of action as a state law breach of contract claim. See [D.E. 1] 1; [D.E. 1-2] 1. Moreover, Slocum fails to explain how this state law claim implicates federal issues. Slocum's response in opposition is incoherent and does not support federal question jurisdiction under section 1331. See [D.E. 11]. Accordingly, the court dismisses Slocum's complaint without prejudice for lack of subject-matter jurisdiction.

II.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 6] and DISMISSES WITHOUT PREJUDICE plaintiff's complaint [D.E. 1].

3

SO ORDERED. This 12 day of February, 2024.

*James C. Dever III (signature)*
JAMES C. DEVER III
United States District Judge